# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4130-16T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Plaintiff-Respondent,

v.

D.C.,

      Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF A.C.,

      a Minor.

_____

Submitted October 17, 2018 – Decided November 5, 2018

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FG-16-0097-16.

Joseph E. Krakora, Public Defender, attorney for appellant (John A. Salois, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Matthew D. Lane, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Cory H. Cassar, Designated Counsel, on the brief).

PER CURIAM

D.C. appeals from a May 16, 2017 order terminating her parental rights to A.C.,[1] who was then two and one-half years old. Judge Richard M. Freid rendered a thorough and thoughtful thirty-eight-page written decision. For the reasons he stated, we affirm.

Judge Freid terminated D.C.'s parental rights because he found the Division of Child Protection and Permanency (Division) satisfied all four prongs of the best interests of the child test found in N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. During the course of some twenty pages, Judge Freid detailed: the circumstances which brought the child to the Division's attention, the agency's unsuccessful efforts at extending services to the mother, the fact

---

[1] A.C.'s father is presumed to be H.C. He has surrendered his rights and does not participate in this appeal.

that the two relative resources D.C. named each already had an older child of D.C. and could not care for another, and that A.C. was securely bonded to the resource parents, who wished to adopt. A.C. has no bond to his mother, with whom, at times, he was fearful.

In reaching his decision, Judge Freid credited the expert opinion of the psychologist retained by the Division to conduct the bonding evaluations, who concluded that A.C. would be at risk if placed with his mother. The psychologist opined that D.C. suffered from severe cognitive limitations that limited her ability to reason and make appropriate judgments for herself or her child, was prone to unpredictable behavior, paranoia, anxiety, and social isolation, and suffered from a personality disorder with paranoid and narcissistic features. This, the psychologist testified, when joined with D.C.'s history of marijuana, PCP, alcohol abuse, and chronic homelessness, meant D.C. could not provide the child with a permanent, safe, and secure home in the foreseeable future.

That same psychologist evaluated the resource parents, with whom the child was bonded. He considered them capable of providing him with a permanent, safe, and secure home.

The psychologist also opined that A.C. would not suffer harm if permanently separated from his mother. If A.C. was removed from the resource

A-4130-16T2

parents and returned to D.C., however, she would not be able to ameliorate the serious and enduring harm the child would suffer.

The judge took into account D.C.'s history of homelessness, chronic unemployment, and lack of engagement with the host of services the Division extended to her. He incorporated into his analysis D.C.'s failure to exercise visitation reasonably or consistently. For example, the Division agreed to D.C.'s request for visitation to take place at a shopping mall. During the visit, D.C. shoplifted. Those visits that did occur were fraught with problems, including D.C.'s intermittent threatening and aggressive behavior towards staff.

On appeal, D.C. essentially challenges Judge Freid's application of the best interest statute in its entirety, both as to his factual findings and legal conclusions:

> I. THE DIVISION FAILED TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT IT WAS NECESSARY TO TERMINATE [D.C.'S] PARENTAL RIGHTS IN ORDER TO PROTECT HER CHILD'S BEST INTERESTS.
>
> A. The Trial Court Improperly Determined That the Division Proved by Clear and Convincing Evidence That [A.C.'s] Health and Development Had Been or Will Be Endangered by [D.C.] and [the Division] Failed to Present Substantial, Credible Evidence of Continuing Harm and Consequently the Judgment Must Be Reversed.

B.   Given [D.C.'s] Compliance with the Division's Requirements for Services, [the Division] Failed to Present Sufficient Evidence to Support the Trial Court's Conclusion that the Division Satisfied its Obligation to Demonstrate by Clear and Convincing Proof that [D.C.] was Unwilling and Unable to Eliminate the Harm to [A.C.].

C.   [The Division] Did Not Prove by Clear and Convincing Evidence That It Made Reasonable Efforts to Reunite [A.C.] with [D.C.].

D.   The Trial Court's Conclusion that the Termination of Parental Rights Would Not Do More Harm than Good and that [A.C.] Would Suffer Severe and Enduring Harm if His Parental Rights Were Terminated is Not Supported by the Record.

We are bound to "uphold the factual findings undergirding the trial court's decision if they are supported by 'adequate, substantial and credible evidence' on the record." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). We will not disturb a family court's decision to terminate parental rights, provided that there is substantial credible evidence in the record to support the court's findings. N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (citing In re Guardianship of J.N.H., 172 N.J. 440, 472 (2002)). "Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that

5

there is not a denial of justice." Ibid. (citing N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

D.C.'s assertions on appeal that Judge Freid's conclusions are not supported by the record do not warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E). Judge Freid's detailed factual findings are in fact clearly supported by substantial credible evidence in the record. Thus, we will not disturb them. The legal conclusion that the best interests of the child would be served by termination is supported by those findings. There is simply no merit to the issues raised on appeal.

A.C. is entitled to a safe, secure, and loving permanent home. Although D.C. no doubt loves her child, she is not capable now or in the foreseeable future of providing him with such a home.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4130-16T2